LEONARDO B. STREET, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 466, 2009.
Supreme Court of Delaware.
Submitted: March 17, 2010.
Decided: May 25, 2010.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 25th day of May 2010, upon consideration of the appellant's opening brief, the appellee's motion to affirm and the Superior Court record, it appears to the Court that:
(1) The appellant, Leonardo B. Street, filed this appeal from the Superior Court's July 17, 2009 denial of his motion for postconviction relief. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Street's opening brief that the appeal is without merit. We agree and affirm.
(2) In November 2007, Street was arrested and charged with Possession with Intent to Deliver Marijuana, Maintaining a Vehicle for Keeping Controlled Substances, Resisting Arrest, Driving While License Suspended or Revoked, and two counts of Possession of Drug Paraphernalia. In May 2008, Street was arrested and charged with thirteen more counts of drug- and traffic-related charges, including Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, and Possession of Cocaine within 1000 Feet of a School.
(3) On May 8, 2008, Street entered into a plea agreement whereby he agreed to plead guilty to one count each of Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, Maintaining a Vehicle, and Resisting Arrest. The State agreed that it would not seek to have Street declared a habitual offender, and that it would enter a nolle prosequi on all remaining charges from both cases. Immediately thereafter, as contemplated by the plea agreement, the Superior Court sentenced Street to forty years at Level V, suspended after twenty-five years (five years mandatory) and successful completion of the Greentree Program, for decreasing levels of supervision. Street did not appeal.
(4) On May 13, 2009, Street filed a timely motion for postconviction relief. Street alleged that his defense counsel was ineffective because:
counsel failed to explain the plea agreement correctly; counsel failed to file motions on behalf of [Street]; counsel failed to prepare for a trial; low fees resulted in counsel's unprofessional conduct; counsel's misrepresentation of material facts put pressure on [Street] to take a plea; counsel advised [Street] if guilty plea was not taken [Street] would receive a mandatory life sentence; [and] counsel advised [Street] to plead guilty to the two highest offenses.
(5) By order dated July 17, 2009, the Superior Court denied Street's postconviction motion on the basis that Street's ineffective counsel allegations were conclusory and did not allege or demonstrate prejudice. The Superior Court also found that Street was not coerced into pleading guilty, and that his guilty plea was knowing, intelligent and voluntary.
(6) On appeal, Street expands upon his claims of ineffective assistance of counsel and coerced guilty plea. Nonetheless, having reviewed the Superior Court record, including the transcript of Street's guilty plea proceeding, the Court has determined that there is no support in the record for Street's allegations that his defense counsel coerced him into pleading guilty or was otherwise ineffective. The Court concludes that the Superior Court's denial of postconviction relief should be affirmed on the basis of the court's well-reasoned decision of July 17, 2009.
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.